**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

MICHAEL D. HOWELL,                                   :
                                                     :
               Plaintiff,   :   Civil Action No. 08-4946 (DMC)
                                                     :
          v.                               :          **O P I N I O N**
                                                     :
STATE OF NEW JERSEY, et al.,                         :
                                                     :
            Defendants.   :

---

**APPEARANCES:**

Michael D. Howell, Pro Se
#199518
C East 300
Hudson County Correctional Center
35 Hackensack Avenue
Kearny, NJ 07302

**CAVANAUGH**, District Judge

    Plaintiff, Michael D. Howell, currently incarcerated at the
Hudson County Correctional Center, Kearny, New Jersey, seeks to
bring this action pursuant to 28 U.S.C. §§ 1915(e) and 1915A,
alleging violations of his constitutional rights.  Based upon his
affidavit of indigence, the Court will grant plaintiff's
application to proceed in forma pauperis pursuant to 28 U.S.C. §
1915(a) and order the Clerk of Court to file the complaint.[1]

---

    [1]  This case was administratively terminated on December 22,
2008, because Plaintiff did not pay the $350.00 filing fee or
submit a complete application to proceed in forma pauperis.
Plaintiff has since submitted a complete in forma pauperis
application, and this case has been reopened under separate
Order.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether plaintiff states cognizable claims or whether the complaint should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, plaintiff's complaint will be dismissed.

## BACKGROUND

Plaintiff seeks to sue the State of New Jersey, the Superior Court of New Jersey, and the Prosecutor of Hudson County under 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff states that on November 27, 2006, he was falsely arrested, and $4613.00 was taken from him by the police.  The case against him was eventually dismissed, and the money was seized by the Prosecutor's Office on October 22, 2007.  Plaintiff is requesting that this Court return the $4613.00 to him.

## DISCUSSION

A.    **Standard of Review**

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual]

2

allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  <u>See id.</u>

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, ----, 127 S. Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to puss muster under the Rule 8 pleading standard.  <u>See Phillips v. County of Allegheny</u>, 515 F.3d 224, 230-34 (3d Cir. 2008).  The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element.  This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls

for enough facts to raise a reasonable expectation that
discovery will reveal evidence of" the necessary
element.

Phillips, 515 F.3d at 234 (internal citations omitted).

**B.    42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C.

§ 1983 for certain violations of his or her constitutional

rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff

must demonstrate that the challenged conduct was committed by (1)

a person acting under color of state law and (2) that the conduct

deprived him of rights, privileges, or immunities secured by the

Constitution or laws of the United States.  See Parratt v.

Taylor, 451 U.S. 527, 535 (1981), overruled in part on other

grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v.

S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v.

Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

4

**C.   Plaintiff's Deprivation of Property Claim Will Be Dismissed.**

An unauthorized deprivation of property by a state actor, whether intentional or negligent, does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available.  See Hudson v. Palmer, 468 U.S. 517, 530-36 (1984); Parratt v. Taylor, 451 U.S. 527, 543-44 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986).  In Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982), the Supreme Court explained, however, that post-deprivation remedies do not satisfy the Due Process Clause if the deprivation of property is accomplished pursuant to established state procedure rather than through random, unauthorized action. But see Tillman v. Lebanon Co. Correctional Facility, 221 F.3d 410, 421 n.12 (3d. Cir. 2000) (citing United States v. James Daniel Good Real Property, 510 U.S. 43, 53 (1993)) (in "extraordinary situations" such as routine deduction of fees from a prisoner's account even without authorization, post-deprivation remedies may be adequate).

The Court construes the complaint as alleging that Defendants violated Plaintiff's constitutional rights by refusing to return his property to him.  Here, it appears that the action of the defendants in refusing to return Plaintiff's property was unauthorized, as, according to Plaintiff, a state court judge

5

ordered that the money be returned.  Thus, Plaintiff has failed
to state a claim because New Jersey does provide a post-
deprivation remedy for unauthorized deprivation of property by
public employees.  See New Jersey Tort Claims Act, N.J. Stat.
Ann. §§ 59:1-1 et seq. (2001).  See also Laufgas v. Speziale, 263
Fed. Appx. 192, 198 (3d Cir. 2008)(unpubl.)(finding "the District
Court properly dismissed Laufgas's claim that prison officials
impermissibly disposed of his personal property, as a prisoner's
cause of action based on unauthorized deprivation of property by
a state actor is not actionable under section 1983 unless there
is no adequate post-deprivation remedy available").

     Further, if the deprivation of Plaintiff's property was
seized through established state procedure, Plaintiff has not
alleged facts indicating that his due process rights were
violated, as he has not set forth any facts concerning the
procedures followed by the State in seizing the property.  See
Burns v. PA Dept. of Corrections, 544 F.3d 279, 285 (3d Cir.
2008)("The Fourteenth Amendment provides that no 'State [shall]
deprive any person of life, liberty, or property, without due
process of law.'  To prevail on a procedural due process claim, a
litigant must show (1) that the state deprived him of a protected
interest in life, liberty, or property and (2) that the
deprivation occurred without due process of law." (citations
omitted)).

Here, Plaintiff does not allege facts indicating that his procedural due process rights were violated.  He simply states that the money was ordered to be returned to him but "the prosecutor seized the money on October 22, 2007 after [the] case was dismiss[ed]."  (Complt., ¶ 4).

## CONCLUSION

For the reasons set forth above, the complaint must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.  An appropriate order follows.

DENNIS M. CAVANAUGH
United States District Judge

Dated: 6/1/09

7